**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Catherine Conner, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   10 C 3006 |
| Weltman, Weinberg & Reis Co., L.P.A., an Ohio limited professional association, and Equable Ascent Financial, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Catherine Conner, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Catherine Conner ("Conner"), is a citizen of the State of Texas, from whom Defendants attempted to collect a delinquent consumer debt she owed for a Chase credit card, despite the fact that she was represented by attorneys, including, but

not limited to, the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Weltman, Weinberg & Reis Co., L.P.A. ("Weltman"), is an Ohio limited professional association, and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in Illinois, Michigan, Ohio and Pennsylvania, Weltman operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. See, Weltman's website materials attached as Exhibit A.

5. Defendant Weltman is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit B. In fact, Defendant Weltman conducts business in Illinois.

6. Defendant Equable Ascent Financial, LLC ("Equable"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly delinquent consumer debts. In fact, Equable was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendant Equable is a bad debt buyer, which specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then attempts to collect. Defendant Equable buys debts on a nationwide

basis and attempts to collect debts from consumers throughout the United States, including from thousands of consumers in Illinois.

8. Defendant Equable is licensed to do business in the State of Illinois and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State, attached as Exhibit C. In fact, Defendant Equable conducts extensive and substantial business in Illinois, and has its headquarters in Buffalo Grove, Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Conner is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Chase credit card. At some point in time, Defendant Equable bought Ms. Conner's Chase debt after she defaulted on it, and when Equable began trying to collect this debt from her, via a related collection agency, Apex Financial Management, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

10. On February 16, 2010, one of Ms. Conner's attorneys at LASPD informed Equable, in writing, that Ms. Conner was represented by counsel, and directed Equable to cease contacting her, and to cease all further collection activities because Ms. Conner was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Because Equable would not cease its collection actions, on March 10, 2010, Ms. Conner's LASPD attorney had to send it another letter demanding that it

cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

12. Because Equable remained undeterred, she sued its related collection agency on March 19, 2010, in a matter styled Conner v. Apex Financial Management, No. 10-1772 (N.D. Ill.)(Judge Nordberg). Moreover, because Equable continued its repeated, illegal collection actions, it was added as a defendant in that lawsuit on April 23, 2010.

13. Unbelievably, Defendant Equable hired Defendant Weltman to collect the Chase debt from Ms. Conner and, via a letter dated May 5, 2010, the Defendants demanded that Ms. Conner pay the Chase debt, the debt which she, through her attorneys, has repeatedly told Equable – as is her right under the FDCPA – that she refused to pay and as to which she had demanded a cessation of communications and cessation of collections. A copy of this letter is attached as Exhibit F.

14. All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from

4

continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

18. Here, the letters from Ms. Conner's attorney at LASPD, and her lawsuit against Equable, unequivocally told Defendants to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

19. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

22. Defendants knew, or should have been able to readily know, that Ms. Conner was represented by counsel in connection with her debts because her attorneys had informed Defendant Equable, in writing, as well as via the lawsuit against it, that she was represented by counsel. By sending the May 5, 2010 collection letter (Exhibit F) directly to Ms. Conner, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Catherine Conner, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Conner, and against Defendants for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Catherine Conner, demands trial by jury.

            Catherine Conner,

            By: <u>/s/ David J. Philipps</u>
            One of Plaintiff's Attorneys

Dated: May 17, 2010

David J. Philipps  (Ill. Bar No. 06196285)
Mary E. Philipps  (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com