IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Catherine CONNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10 C 3006 |
| | ) |
| Weltman, Weinberg & Reis Co., L.P.A., an | ) Judge Charles P. Kocoras |
| Ohio limited professional association, and | ) Magistrate Judge Nolan |
| Equable Ascent Financial, LLC, a Delaware | ) |
| limited liability company, | ) |
| | ) |
| Defendants. | ) |

**WELTMAN, WEINBERG & REIS CO, L.P.A.'S
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant, Weltman, Weinberg & Reis Co., L.P.A., ("Weltman"), by its attorneys, Anna-Katrina S. Christakis and Karen A. Kawashima (Grady Pilgrim Christakis Bell LLP, *of counsel*), respectfully submits the following Answer to the Complaint and Affirmative Defenses:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

**ANSWER:** Weltman admits the allegations of this Paragraph.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**ANSWER:** Weltman admits that venue is proper in this District, and that it resides and transacts business in this District. Weltman does not know which "acts" or "transactions" are referred to in Paragraph 2, and therefore, on that basis, denies these allegations.

## PARTIES

3. Plaintiff, Catherine Conner ("Conner"), is a citizen of the State of Texas, from whom Defendants attempted to collect a delinquent consumer debt she owed for a Chase credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

**ANSWER:** Weltman admits that Ms. Connor was delinquent on her Chase credit card. Weltman lacks information sufficient to form a belief as to whether Connor is a citizen of Texas, or whether she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities Program located in Chicago, Illinois, and therefore, on that basis, denies the remaining allegations of this paragraph.

4. Defendant, Weltman, Weinberg & Reis Co., L.P.A. ("Weltman"), is an Ohio limited professional association, and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in Illinois, Michigan, Ohio and Pennsylvania, Weltman operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. See Weltman's website materials attached as Exhibit A.

**ANSWER:** Weltman admits the allegations of this paragraph.

5. Defendant Weltman is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State attached as Exhibit B. In fact, Weltman conducts business in Illinois.

**ANSWER:** Weltman admits the allegations of this paragraph.

6. Defendant, Equable Ascent Financial, LLC ("Equable"), is an Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Equable was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

**ANSWER:** Weltman lacks sufficient information to form a belief as to the allegations in this paragraph, and on that basis, denies the allegations.

7. Defendant Equable is a bad debt buyer that specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then attempts to collect. Defendant Equable buys debts on a nationwide basis and attempts to collect debts from consumers throughout the United States, including from thousands of consumers in Illinois.

**ANSWER:** Weltman lacks sufficient information to form a belief as to the allegations in this paragraph, and on that basis, denies the allegations.

8. Defendant Equable is licensed to do business in the State of Illinois and maintains a registered agent within the State of Illinois. <u>See</u>, record from the Illinois Secretary of State attached as Exhibit <u>C</u>. In fact, Defendant Equable conducts extensive and substantial business in Illinois and has its headquarters in Buffalo Grove, Illinois.

**ANSWER:** Weltman lacks sufficient information to form a belief as to the allegations in this paragraph, and on that basis, denies the allegations.

**FACTUAL ALLEGATIONS**

9. Ms. Connor is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills including a debt she owed for a Chase credit card. At some point in time, Defendant Equable bought Ms. Connor's Chase debt after she defaulted on it and when Defendants began trying to collect it from her after she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

**ANSWER:** Weltman admits that Ms. Connor was delinquent on her Chase credit card. Weltman lacks information sufficient to form a belief as to the remaining allegations in Paragraph 9, and therefore, on that basis, denies the remaining allegations of this paragraph.

10. On February 16, 2010, one of Ms. Connor's attorneys at LASPD informed Defendants, in writing, that Ms. Connor was represented by counsel, and directed them to cease contacting her, and to cease all further collection activities because Ms. Connor was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit <u>D</u>.

**ANSWER:** Weltman denies that on February 16, 2010, one of Ms. Connor's attorneys at LASPD informed it, in writing, that Ms. Connor was represented by counsel, or

3

directed it to cease contacting her, and to cease all further collection activities. Weltman admits that Exhibit D purports to be a letter from Plaintiff's counsel to Apex. Weltman lacks information sufficient to form a belief as to the remaining allegations in Paragraph 10, and therefore, on that basis, denies the remaining allegations of this paragraph.

11. Because Equable would not cease its collection actions, on March 10, 2010, Ms. Connor's LASPD attorney had to send it another letter demanding that it cease communications and collections. Copies of this letter and fax confirmation are attached as Exhibit E.

**ANSWER:** Weltman admits that Exhibit E purports to be a letter from Plaintiff's counsel to Apex Financial Management, LLC. Weltman denies that Plaintiff's counsel sent it a letter demanding that it cease communications and collections. Weltman lacks information sufficient to form a belief as to the remaining allegations in Paragraph 11, and therefore, on that basis, denies the remaining allegations of this paragraph.

12. Because Equable remained undeterred, she sued its related collection agency on March 19, 2010, in a matter styled Conner v. Apex Financial Management, No. 10-1772 (N.D. Ill.) (Judge Nordberg). Moreover, because Equable continued its repeated, illegal collection actions, it was added as a defendant in that lawsuit on April 23, 2010.

**ANSWER:** Weltman lacks sufficient information to form a belief as to the allegations in this paragraph, and on that basis, denies the allegations.

13. Unbelievably, Defendant Equable hired Defendant Weltman to collect the Chase debt from Ms. Conner and, via a letter dated May 5, 2010, the Defendants demanded that Ms. Conner pay the Chase debt which she, through her attorneys, has repeatedly told Equable – as is her right under the FDCPA – that she refused to pay and as to which she had demanded a cessation of communications and cessation of collections. A copy of this letter is attached as Exhibit F.

**ANSWER:** Weltman admits that Equable hired it to collect the Chase debt from Ms. Conner. Weltman admits that Exhibit F purports to be a letter from Weltman to Plaintiff.

4

Weltman lacks sufficient information to form a belief as to the remaining allegations in this paragraph, and on that basis, denies the remaining allegations.

14. All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

**ANSWER:** Weltman admits the allegations of this paragraph.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F. 3d 1254, 1257 (7th Cir. 1994).

**ANSWER:** This paragraph alleges conclusions of law to which no answer is required. To the extent an answer is required, Weltman denies these allegations to the extent they are inconsistent with applicable law.

## COUNT I
## Violation Of § 1692c(c) Of the FDCPA –
## Failure To Cease Communications And Cease Collections

16. Plaintiff adopts and realleges ¶¶ 1-15.

**ANSWER:** Weltman adopts and reincorporates its answers to ¶¶ 1-15 as its answer to Paragraph 16.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See 15 U.S.C. §1692c(c)

**ANSWER:** This paragraph alleges conclusions of law to which no answer is required. To the extent an answer is required, Weltman denies these allegations to the extent they are inconsistent with applicable law.

18. Here, the letters from Ms. Connor's attorney at LASPD, and her lawsuit against Equable, unequivocally told Defendants to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

5

**ANSWER:** Weltman denies that it violated § 1692c(c) of the FDCPA. The remaining allegations of this paragraph are conclusions of law to which no answer is required. To the extent an answer is required, Weltman denies these allegations to the extent they are inconsistent with applicable law.

19. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See 15 U.S.C. § 1692k.

**ANSWER:** This paragraph alleges conclusions of law to which no answer is required. To the extent an answer is required, Weltman denies these allegations to the extent they are inconsistent with applicable law.

## COUNT II
### Violation Of § 1692c(a)(2) of the FDCPA – Communicating With A Consumer Represented By Counsel

20. Plaintiff adopts and realleges ¶¶ 1-15.

**ANSWER:** Weltman adopts and reincorporates its answers to ¶¶ 1-15 as its answer to Paragraph 20.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

**ANSWER:** This paragraph alleges conclusions of law to which no answer is required. To the extent an answer is required, Weltman denies these allegations to the extent they are inconsistent with applicable law.

22. Defendants knew, or should have been able to readily know, that Ms. Connor was represented by counsel in connection with her debts because her attorneys had informed Defendants, in writing, as well as via the lawsuit against it, that she was represented by counsel. By sending the May 5, 2010 collection letter (Exhibit F) directly to Ms. Conner, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

6

**ANSWER:** Weltman denies that it violated § 1692c(a)(2) of the FDCPA. The remaining allegations of this paragraph are conclusions of law to which no answer is required. To the extent an answer is required, Weltman denies these allegations to the extent they are inconsistent with applicable law.

23. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**ANSWER:** This paragraph alleges conclusions of law to which no answer is required. To the extent an answer is required, Weltman denies these allegations to the extent they are inconsistent with applicable law.

## AFFIRMATIVE DEFENSES

1. Weltman states that any alleged violation of the FDCPA, which it denies occurred, was unintentional and occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

Respectfully submitted,

WELTMAN WEINBERG & REIS CO., L.P.A.

By: /s Karen A. Kawashima
One of their attorneys

Anna-Katrina S. Christakis
Karen A. Kawashima
Grady Pilgrim Christakis Bell LLP
53 West Jackson Boulevard, Suite 1515
Chicago, Illinois 60604
Phone: (312) 379-8547
Fax: (312) 939-0983

**CERTIFICATE OF SERVICE**

  Karen A. Kawashima, an attorney, certifies that on June 28, 2010, she electronically filed the foregoing **Defendant Weltman, Weinberg & Reis Co., L.P.A.'s Answer to the Complaint and Affirmative Defenses** with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

  David J. Philipps
  Mary E. Philipps
  Philipps & Philipps, Ltd.
  9760 S. Roberts Road
  Suite One
  Palos Hills, IL 60465
  davephilipps@aol.com
  mephilipps@aol.com

                /s Karen A. Kawashima

Anna-Katrina S. Christakis
Karen A. Kawashima
Grady Pilgrim Christakis Bell LLP
53 West Jackson Boulevard, Suite 1515
Chicago, Illinois 60604
Phone: (312) 379-8547
Fax: (312) 939-0983